ANDREW HAAS, APPELLANT, V. JULIUS ROTHSCHILD ET AL., APPELLEES.

[FILED OCTOBER 14, 1891.]

Partnership: PROFIT SHARING: CREDITORS. One R. entered into partnership with Van H. & Co. in the business of buying stock, Van H. & Co. to furnish the money, and the profits and losses to be equally divided between the parties. R. purchased several car loads of fat cattle, which were paid for by Van H. & Co., and sold the same, but before payment a creditor of R. sought by legal proceedings to appropriate the money to the payment of his claim, whereupon Van H. & Co. filed a petition of intervention in which they set up the facts in relation to the partnership. *Held*, That the proof sustained the petition for intervention, and that there was a partnership, but failed to show any profits to R. in the transaction, and therefore nothing which could be applied to the claim of H.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Thomas D. Crane*, and *William E. Healey*, for appellant:

On the doctrine of *partnership inter se:* 3 Kent's Com., sec. 25; Parsons, Partnership, ch. 5, sec. 51; Pollock, Partnership, 3, 4; *Cox v. Hickman*, 8 H. L. Cas. [Eng.], 268, 306, 312, 314; *Bullen v. Sharp*, 1 L. R. C. P. [Eng], 86*; 1 Lindley, Partnership, 44, 45; *Hoare v. Dawes*, 1 Doug. [Eng.], 371; *Coope v. Eyre*, 1 H. Bla. [Eng.], 37; *Gibson v. Lupton*, 9 Bing. [Eng.], 297; *Newman v. Bean*, 21 N. H.,

Haas v. Rothschild.

93; *Loomis v. Marshall*, 12 Conn., 69; Story, Partnership, secs. 40, 69; *Gilpin v. Enderbey*, 1 D. & R. [Eng.], 570; *Morse v. Wilson*, 4 T. R. [Eng.], 353; 1 Collyer, Partnership, sec. 1, pp. 38–41; *Hesketh v. Blanchard*, 4 East Rep. [Eng.], 144, 146; *Smith v. Watson*, 2 Barn. & Cress. [Eng.], 401; *McNeill v. Reynolds*, 9 Ala., 313; *Gray v. Palmer*, 9 Cal., 616; *Robinson v. Green*, 5 Harr. [Del.], 115; *Wilson v. Colman*, 1 Cranch [D. C.], 408. The court cannot order the fund paid over to Van Hoven & Co. in these proceedings. (*Fessler v. Hickernell*, 82 Pa. St., 150; *Parker v. Wright*, 66 Me., 392; *Newbrau v. Snider*, 1 W. Va., 153; *Brown's Ex'r v. Higginbotham*, 5 Leigh [Va.], 583; *Graham v. Holt*, 3 Ired. [N. Car.], 300; *Murray v. Bogert*, 14 Johns. [N. Y.], 318; *Course v. Prince*, 1 Mill [S. Car.], 416; *Burley v. Harris*, 8 N. H., 233; *Lawrence v. Clark*, 9 Dana [Ky.], 257; *Bonnaffe v. Fenner*, 6 S. & M. [Miss], 212; *Thompson v. Steamboat*, 2 O. St., 26; *Wilson v. Soper*, 13 B. Mon. [Ky.], 411; 3 Pom. Eq. Jur., sec. 1421; *Russell v. Byron*, 2 Cal., 86.) As to the question of equitable assignment: *Scott v. Porcher*, 3 Merivale [Eng. Ch.], 652, 664; *Lowery v. Steward*, 25 N. Y., 239; Jones, Liens, secs. 32, 51, 69; 3 Pomeroy, Eq. Jur., secs. 1282, 1283, and note; *Cook v. Black*, 54 Ia., 693; *Gibson v. Stone*, 43 Barb. [N. Y.], 285; *Allen v. Montgomery*, 48 Miss., 101; *Christmas v. Russell*, 14 Wall. [U. S.], 69; *Trist v. Child*, 21 Id., 441; *Ex parte Nail Co.*, 16 Bank Reg., 448; *Christmas' Adm'rs v. Griswold*, 8 O. St., 558; *Rogers v. Hosack*, 18 Wend. [N. Y.], 319; *Dickenson v. Phillips*, 1 Barb. [N. Y.], 461; *Clayton v. Fawcett*, 2 Leigh [Va.], 19; *Hopkins v. Beebe*, 26 Pa. St., 85; *Hall v. Jackson*, 20 Pick. [Mass.], 194; 2 Hare & Wallace's Notes to Leading Cases, pt. 2, 233; *Arnold v. Frost*, 9 Ben. [U. S.], 268; *Walker v. Seigel*, 12 Bank Reg., 395; *Williams v. Ingersoll*, 89 N. Y., 518; *Coates v. Bank*, 91 Id., 31; *Chapin v. James*, 23 Am. Rep. [R. I.], 417; *Stearnes v. Ins. Co.*, 26 Am. Rep. [Mass.], 649; *Natl. Ex. Bank v.*

*McLoon*, 40 Am. Rep. [Me.], 393; *Meyers v. R. Const. Co.*, 100 U. S., 477; *Union Ins. Co. v. Glover*, 9 Fed. Rep. [Me.], 532; *Pearce v. Roberts*, 27 Mo., 179; *Ford v. Garner*, 15 Ind., 298; *Hoyt v. Story*, 3 Barb. [N. Y.], 262.

*Joy, Hudson & Joy*, for Van Hoven & Co., intervenors:

An agreement to share profits and losses constitutes a partnership. (Story, Partnership, sec. 58 and cases; Lindley, Partnership, sec. 1, p. 92; *Strader v. White*, 2 Neb., 348; *Pettee v. Appleton*, 114 Mass., 114; *Beauregard v. Case*, 91 U. S., 134; *Champion v. Bostwick*, 18 Wend. [N. Y.], 185; *Smith v. Hollister*, 32 Vt., 695; Story, Partnership, sec. 56.)   The rights of an attaching creditor against a garnishee are not superior to those of a debtor. (*Hollingsworth v. Fitzgerald*, 16 Neb., 492; *Hathaway v. Russell*, 16 Mass., 473; *Weil v. Tyler*, 90 Am. Dec., 441; *Whipple v. Robbins*, 93 Id., 64; *Smith v. Clarke*, 9 Ia., 241; *Burton v. Dist. Twp.*, 11 Id., 166; *Cox v. Russell*, 44 Id., 556; *Powers v. Large*, 69 Wis., 621; *Thurber v. Blanck*, 50 N. Y., 80; *Nassauer v. Techner*, 65 Wis., 388.) Rothschild is bound by the judgment whether he appeared or not, and whether it is partnership property or not. (*Born v. Staaden*, 24 Ill., 320; *Fisk v. Weston*, 5 Me., 410; Wade, Attachment, sec. 54; *Bray v. Saaman*, 13 Neb., 513.)   There was an equitable assignment of the cattle and the proceeds of the cattle by the defendant to the intervenors. (*Braught v. Griffith*, 16 Ia., 32; Randolph, Com. Paper, sec. 1434; *Shutts v. Fingar*, 100 N. Y., 539; *Eaton v. Hasty*, 6 Neb., 419; *Wilson v. Burney*, 8 Id., 43; 2 Story, Eq. Jur., 365; *Kimball v. Donald*, 20 Mo., 577; *Shannon v. Hoboken*, 37 N. J. Eq., 123; *East Lewisburg Lumber Co. v. Marsh*, 91 Pa. St., 96; *Pass v. McCrea*, 36 Miss., 143; *Newby v. Hill*, 2 Met. [Ky.], 530; *Arpin v. Burch*, 32 N. W. Rep. [Wis.], 681; *McWilliams v. Webb*, 32 Ia., 577; *Conway v. Cutting*, 51 N. H., 407; *Walker v. Mauro*, 18 Mo., 564; *Cutts v. Perkins*, 12 Mass.,

206.   This is a trust fund and the intervenors are entitled to enforce the equitable rights of a *cestui que trust*. (*Pennell v. Deffell*, 4 De G., M. & G. [Eng.], 372; *Firth v. Cortland*, 2 H. & M. [Eng.], 417; *Knatchbull v. Hallett*, 13 L. Rep., Ch. Div. [Eng.], 696, 709; *Van Allen v. Bank*, 52 N. Y., 1; *People v. Bank*, 96 Id., 32; *U. S. v. Waterborough*, Davies [U. S.], 154; *N. Bank v. King*, 57 Pa. St., 202; *McLeod v. Evans*, 66 Wis., 401; 2 Story, Eq. Jur., sec. 1258; Snell, Eq. Jur., 155; *Frances v. Evans*, 33 N. W. Rep. [Wis.], 93; *Bowers v. Evans*, 36 Id., 629; *Third Natl. Bank v. Gas Co.*, 30 N. W. Rep. [Minn.], 440; *Peak v. Ellicott*, 30 Kan., 156; *Thompson v. Gloucester Sav. Inst.*, 8 Atl. Rep. [N. J.], 97; *Hoffman v. Bank*, 46 N. J. L., 604; *Sweeny v. Easter*, 1 Wall. [U. S.], 166; *Hook v. Pratt*, 78 N. Y., 371; Parsons, Bills, 21, 23; Morse, Banking, 420; *Natl. Bank v. Ins. Co.*, 104 U. S., 54.)

MAXWELL, J.

The plaintiff brought an action in the district court of Douglas county against Julius Rothschild to recover the sum of $8,180.30, and Savage & Green, commission dealers of South Omaha, were served with garnishee process, and it appeared from their answer that they had in their possession more than $8,000 derived from the sale of certain cattle sold by them for the defendant Rothschild. At this stage of the case Van Hoven & Co. filed a petition of intervention, as follows:

"Now comes Van Hoven & Co., a copartnership doing business at Sioux City, Iowa, and respectfully represents to the court that during the winter of 1888 a copartnership was formed between the defendant Julius Rothschild and the intervenor Van Hoven & Co., for the purpose of purchasing and shipping cattle; that the agreement of copartnership was oral, and in substance as follows: That the firm of Van Hoven & Co. were to furnish the money to purchase the

stock and pay for the same; that the defendant Rothschild was to give his time and attention to the purchasing and shipment of stock, and was to share equally with the firm of Van Hoven & Co. in the losses and profits realized upon the purchase and sale of stock as aforesaid; that the said Van Hoven & Co. were to own the stock so purchased and paid for by them; that defendant had only an interest in the profits realized therefrom. That during the winter and spring of 1888 several purchases of stock were made under said agreement, the intervenors paying for the stock so purchased and sharing the losses and profits with said Julius Rothschild; that about the 9th of May, 1888, ten car loads of fat cattle which had been purchased in Dakota county under said agreement were shipped from Dakota county, Nebraska, by way of Omaha to Chicago; that by agreement between the said Van Hoven & Co. and said defendant, said stock was to be shipped to A. Piatt & Co., Chicago, and a draft for $10,000 was drawn by Van Hoven & Co. on A. Piatt & Co., which draft was to be paid out of the proceeds of said stock so shipped; that the said draft so drawn was immediately forwarded to Chicago for collection and payment thereof demanded from the said A. Piatt & Co.; that the said Rothschild wrongfully and without authority billed the said cattle paid for by Van Hoven & Co. to himself at Chicago, Illinois; that the said stock, by directions of the said Rothschild, was unloaded at the stock yards at South Omaha, Nebraska; that the said stock was placed in said stock yards with Savage & Green, live stock and commission men at said stock yards, with instructions to sell the same if, in their judgment, more could be realized from the sale of said stock at Omaha than could be realized by forwarding the same to Chicago; that the said Rothschild instructed the said Savage & Green to sell the said stock on account of A. Piatt & Co., of Chicago, and forward the money to said firm, telling the said Savage &

Green that a draft of $10,000 had been drawn on A. Piatt & Co. to be paid out of the proceeds of said cattle, and that the said A. Piatt & Co. must either have the cattle or the proceeds thereof; that on the 11th day of May, 1888, the said Savage & Green sold nine car loads of said stock for $8,663.89, which amount less charges $324.60, freight $41, yardage $31, and commissions $82, leaving $8,185.29; that the stock was sold under the direction of the said Julius Rothschild, given on the 10th day of May aforesaid, on account of A. Piatt & Co., and the net proceeds of said sale, $8,185.29, was placed to the credit of A. Piatt & Co. upon the books of Savage & Green; that after the sale of the said stock, and while they were weighing the last car load thereof, the garnishee process, issued in the case of *Andrew Haas v. Julius Rothschild*, was served upon the said Savage & Green; that immediately after the said sale had been made on account of A. Piatt & Co. the said Savage & Green informed the said A. Piatt & Co. that the said stock had been sold on their account, and the amount realized therefrom placed to their credit, but that a garnishee process had been served upon them and they should be compelled to retain said money to abide the order of the court; that the said A. Piatt & Co. claims the said money and demanded the same.

"The intervenor further states there was no profit realized in the purchase and sale of said stock, but that a loss was sustained; that the said Julius Rothschild had no interest in the said cattle or the proceeds arising from the sale thereof; that by agreement and arrangement made between the said Van Hoven & Co. and the said Rothschild prior to the 9th day of May, 1888, the proceeds of said sale of said stock was to be applied and used in the payment of said $10,000 draft drawn upon said A. Piatt & Co.; that the balance due from the said Savage & Green, as shown by the said garnishee's answer, belongs to the firm of Van Hoven & Co.; that the said stock cattle

sold by the said Savage & Green were purchased, paid for by the said Van Hoven & Co., and the said firm were entitled to the proceeds thereof, the said Julius Rothschild having only a one-half interest in the profits and losses growing out of and realized from said transaction. The intervenors aver that no profits were made upon said purchase and sale of said stock cattle; · that after the money realized from the sale of said stock on the 11th of May, 1888, was garnished said A. Piatt & Co. on the 12th day of May, 1888, refused to pay said draft, and that the intervenors have been compelled to take up and pay the same and now hold the said draft.

"Therefore the intervenors say they are entitled to the said money now held by the said garnishees, and claim the same as against the plaintiff, defendant, and said garnishees, and pray that they may be adjudged to be entitled to said money and that the same be ordered to be paid over to said intervenors, and that they recover their costs in this suit."

On the trial of the cause the court found "that the money garnished in this case and now in the custody of the court, to-wit, the sum of $8,408.97 with interest at the rate of four per cent per annum from the 21st day of June, 1888, is the property of Van Hoven & Co., the intervenors herein; that said intervenors are entitled to have said money paid over to them as in their petition prayed, to which the said plaintiff excepts; that said Julius Rothschild and the said intervenors were partners, and that the interest, if any, of the said Rothschild in the said money was garnished in the hands of Savage & Green by the said plaintiff in said attachment proceedings, but the court further finds that at the time of the said attachment and garnishment the said Julius Rothschild had no interest in the partnership assets or effects, but was largely indebted to the said firm of Van Hoven & Co.

"It is therefore considered by the court that the attach-

ment heretofore granted in this action, in so far as it affects the said money, be, and the same is hereby, vacated and discharged, and Frank E. Moores, clerk of this court, is hereby ordered to pay the said $8,408.97 with interest at the rate of four per cent from the 21st day of June, 1888, over to the said Van Hoven & Co. or their attorneys."

To this judgment the plaintiff objects and has brought the case into this court for review. It is claimed that the evidence fails to show a partnership between Van Hoven & Co. and Rothschild. In this, however, the plaintiff is mistaken.

W. C. Hudson testifies that Rothschild was a member of the firm of Van Hoven & Co., and that he was to purchase stock in his own name. He testifies, "Rothschild was to do the work and buy the stuff to ship, and we were to share the profits and losses equally between the firm of Van Hoven & Co. and Rothschild." He enters into the details of the agreement, which need not be considered here.

George B. Green, a member of the commission firm of Savage & Green, testifies in substance that Mr. Rothschild admitted the debt to the plaintiff, but said it could not be paid out of that stock, as he was not the owner thereof. Green testifies as to the directions given by Rothschild when the stock was received as follows:

Q. Do you recollect what was done, what instructions were given you to sell the cattle, as stated by your partner?

A. Yes, sir; it was the day they came in, along about noon, I should think; he says if we sell the cattle why the proceeds must be forwarded to A. Piatt & Co., Chicago, and he remarked that the market was not very good that day; he said he supposed he would not sell, he would forward the cattle to Piatt & Co., but the next day the market was better, and then he instructed us again to forward the money to Piatt.

Q. This was all prior to the garnishment?

A. O yes, this was before the cattle were weighed.

Redirect examination, by Mr. Crane:

Q. He said at first that the money should go to Van Hoven & Co.?

A. No; to Piatt.

Q. Didn't he say anything about the money going to Van Hoven & Co.?

A. He said that the cattle belonged to Van Hoven & Co. The day after, when Mr. Hudson was down here with him, he told me then that Van Hoven & Co. had paid for the cattle and had made a draft on Piatt in Chicago.

Q. Afterwards, he said the money should go to Piatt & Co. in Chicago?

A. He told me the money was going to Piatt & Co. the day the cattle were brought in. He did not say anything about Van Hoven until after the garnishee.

Q. After the garnishee he spoke of Van Hoven?

A. He said that Van Hoven & Co. had paid for the cattle.

The clear weight of testimony sustains the petition for intervention, and the proof fails to show that Rothschild had any interest in the stock in controversy, as it seems to have been sold at a loss. The judgment is therefore

AFFIRMED.

THE other judges concur.